# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

SATVINDER SINGH,

      Petitioner,

v.

KRISTI NOEM, in her official capacity as Secretary of the Department of Homeland Security; PAMELA BONDI, in her official capacity as Attorney General of the United States; TODD M. LYONS, in his official capacity as Acting Director and Senior Official Performing the Duties of the Director of U.S. Immigration and Customs Enforcement; MARY DE ANDA-YBARRA, in her official capacity as Field Office Director of the El Paso Field Office of U.S. Immigration and Customs Enforcement, Enforcement and Removal Operations; and GEORGE DEDOS, in his official capacity as Warden of the Cibola County Correctional Center,

      Respondents.

Case No. 1:25-cv-01266-MIS-KRS

## ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

**THIS MATTER** is before the Court on Petitioner Satvinder Singh's Petition for Writ of Habeas Corpus ("Petition"), ECF No. 1, filed December 19, 2025.[1]  The same day, December 19, 2025, the Court issued an Order Directing Service and Order to Show Cause ("Order"), ECF No. 4, which, inter alia, instructs that "Respondents shall respond to the Petition and **SHOW CAUSE** why the Petition shall not be granted within **three (3) days** of service of the Petition."  Order at 2.

---

[1] Petitioner also filed a Motion for Temporary Restraining Order (erroneously titled "Petition for Writ of Habeas Corpus").  ECF No. 2.

On January 2, 2026, the federal Respondents filed a Motion for Extension of Time ("Motion") requesting, inter alia, an extension of the deadline to respond to the Petition to two weeks after proper service. ECF No. 8 at 4. On January 6, 2026, the Court granted the federal Respondents' Motion and extended the federal Respondents' deadline to respond to the Petition to two weeks after proper service.[2] ECF No. 9 at 2.

On January 16, 2026, Petitioner filed Proofs of Service reflecting that Respondents were served between December 19 and 30, 2025. ECF Nos. 16-20. To date, no Respondent has responded to the Petition or otherwise shown cause why the Petition should not be granted. Consequently, the Court will treat the Petition as uncontested and **GRANT** the Petition.

Additionally, and alternatively, the Court has carefully reviewed the Petition and, accepting the facts as true, uncontested, and supported by the exhibits attached to the Petition, see ECF No. 1-1, the Court finds that relief should be granted on the merits for the reasons articulated by this Court in Lopez-Romero v. Lyons, Case No. 2:25-cv-01113-MIS-JHR, 2026 WL 92873 (D.N.M. Jan. 13, 2026).

Therefore, it is **HEREBY ORDERED** that:

1. The Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED**;

2. Respondents are **ORDERED** to immediately release Petitioner from custody;[3]

---

[2] The Court subsequently entered an Order granting Respondent Dedos an extension to respond to the Petition until three days after the federal Respondents filed their response. ECF No. 13.

[3] On January 27, 2026, the Court issued an Order Granting Petitioner's Motion for Temporary Restraining Order after Respondents failed to file a timely response. ECF No. 22. Therein, the Court ordered Respondents to "provide Petitioner with a constitutionally adequate bond hearing before a neutral Immigration Judge within three (3) days, at which the government bears the burden of proving, by clear and convincing evidence, that continued detention is necessary[.]" Id. at 2.

On January 29, 2026, Petitioner filed a Status Report stating that on January 28, 2026, he appeared before an Immigration Judge for a bond hearing pursuant to this Court's Order. ECF No. 23. Apparently, the Immigration Judge did not require Respondents to prove by clear and convincing evidence that continued detention is necessary. Rather, the Immigration Judge found that he lacked jurisdiction to order Petitioner released on bond "under the matter

3. Petitioner shall not be re-detained without an individualized bond hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk; and

4. The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter.

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE

---

of Hurtado." Id. at 2. The Immigration Judge's Order states that Petitioner's "manner of entry restricts the court of jurisdiction to issue a bond in [his] case." ECF No. 23-1. Thus, the Immigration Judge appears to have relied on Matter of Yajure Hurtado, 29 I&N Dec. 216 (BIA 2025) to conclude that the mandatory detention provisions of 8 U.S.C. § 1225(b)(2) govern the detention of noncitizens like Petitioner who have been residing in the United States after their entry—an interpretation of the INA that has been rejected by the overwhelming majority of courts that have considered the issue, including this one. See Lopez-Romero v. Lyons, 2:25-cv-01113-MIS-JHR, 2026 WL 92873 (D.N.M. Jan. 13, 2026); Intriago-Sedgwick v. Noem, No. 1:25-cv-01065-MIS-LF, 2025 WL 3688155 (D.N.M. Dec. 19, 2025), report and recommendation adopted No. 1:25-cv-01065-MIS-LF, ECF No. 27 (D.N.M. Jan. 6, 2026); see also Castañon-Nava v. U.S. Dep't of Homeland Sec., 161 F.4th 1048, 1061 (7th Cir. 2025) (concluding that § 1226(a) applied to noncitizens already present in the country who were not admitted); Barco Mercado v. Francis, __ F. Supp. 3d __, 2025 WL 3295903, at *4 n.22 (S.D.N.Y. Nov. 26, 2025) (noting the interpretation that § 1225 requires mandatory detention of all noncitizens living in the United States was rejected in 350 cases "decided by over 160 different judges sitting in about fifty different courts spread across the United States" and collecting cases in an Appendix A); Ochoa Ochoa v. Noem, No. 25-cv-10865, 2025 WL 2938779, at *5 & n.8 (N.D. Ill. Oct. 16, 2025) (collecting cases). Under this Court's view—and that of the overwhelming majority of courts to have considered the issue—8 U.S.C. § 1226(a) governs the detention of noncitizens who have been residing in the United States after their entry. Because § 1226(a) is controlling, Petitioner is entitled to an individualized bond hearing as a matter of right. Cortez-Gonzalez v. Noem, __ F. Supp. 3d __, 2025 WL 3485771, at *5 (D.N.M. Dec. 4, 2025).